**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DEMIESTRO T. WATSON,

*Plaintiff,*

*v.*

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

*Defendants.*
_______________________________/

Case No. 2:26-cv-10920

Robert J. White
United States District Judge

Patricia T. Morris
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 7)**

Plaintiff filed this prisoner civil rights action *pro se* on March 20, 2026. (ECF No. 1). On April 17, 2026, Plaintiff filed the instant motion requesting the appointment of counsel. (ECF No. 7). In his motion, Plaintiff asserts that he is unable to obtain counsel on his own and requests that the Court appoint counsel to represent him in this matter. (*Id.*).

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The decision appointing "counsel to civil litigants is a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in fundamental unfairness impinging on due process rights." *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quotation omitted).

Because "[t]he appointment of counsel in a civil proceeding is not a constitutional right" it "is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993)). "To determine whether these exceptional circumstances exist, courts typically consider the type of case and the ability of the plaintiff to represent himself." *Id.* (internal quotation omitted); *see also Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014) ("The *Lavado* court outlined that courts must examine: (1) the type of case and the abilities of the plaintiff to represent himself, and (2) the complexity of the factual and legal issues involved."). Moreover, when claims are frivolous or have "extremely slim" chances of success, courts should not appoint counsel. *Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011). Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g.*, *Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge reasoned that "it was too early to assess the merits of the claim").

At this stage of the proceedings, the Court is unable to conclude that exceptional circumstances warrant the appointment of counsel. Although Plaintiff identifies circumstances that he believes make obtaining and proceeding without counsel difficult, those circumstances do not presently establish that he is unable to adequately represent himself in this action. Plaintiff has thus far demonstrated an

ability to articulate his claims and communicate with the Court, and the factual and legal issues do not presently appear so complex has thus far demonstrated an ability to articulate his claims and communicate with the Court, and the factual and legal issues do not presently appear so complex as to require appointed counsel. Moreover, because the case remains in its early stages, the Court is not yet in a position to adequately assess the merits of Plaintiff's claims. Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 7) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: September 16, 2026

S/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge